Andres Ortiz (CA SBN #27239)
*Appearing pro hac vice*
Andres Ortiz Law
320 Pine Ave., Suite 608
Long Beach, CA 90802
Telephone (213) 298-1078
Andres.Ortiz@andesortizlaw.com

Attorney for Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The United States of America,<br>Plaintiff,<br><br>vs.<br><br>Uriel De La Rosa-De La Torre<br>aka Juan De La Rosa-De La Torre,<br>Defendant | Criminal No.: 3:20-cr-08054-GMS-1<br>Magistrate No.: 3:20-mj-03004-MTM<br><br>**DEFENDANT'S FIRST AMENDED MOTION TO DISMISS** |

The Defendant Uriel De La Rosa-De La Torre files this first amended motion to dismiss, pursuant to this court's order. (Dkt. 53). As an initial point, the Defendant **does not waive any argument previously made (*see* Dckt. 45) nor does he waive any reply to the government's opposition to dismissal (*see* Dckt. 52**). The Defendant solely supplements the pre-existing motion to dismiss based on new developments in his 1998, removal case. (Dckt. 53, p.3; Dckt. 53-1 p. 3-7). More specifically, the Defendant's removal order was rescinded and his case is now pending before the immigration judge. (Dckt. 53-1 p. 3-7). Consequently, the government has no basis to aver the first element is met. Presumably, the government, if it chooses to oppose the motion, will aver it need not prove the removal was *lawful. United States v. Mendoza-Lopez*, 481 U.S. 828, 834 (1987). This argument however, misses the point: (1) the very nature of reopening removal proceedings, by its legal definition, means there is no removal order and (2) even

if the court was not bound by this obvious legal reality, the Defendant could still collaterally attack the removal- that, in reality, is not a removal.

Each will be taken in turn.

## I. WHEN THE IMMIGRATION COURT REOPENS PROCEEDINGS, THERE IS NO LONGER A REMOVAL ORDER; THEREFORE THE GOVERNMENT CANNOT PROVE THE FIRST ELEMENT

As a starting point, it is important to discuss a foundational principle- when a motion to reopen is granted, the removal order is "vacated" and "it as is if the [the removal] never occurred." *Bonilla v. Lynch*, 840 F.3d 575, 589 (9th Cir. 2016) (citing *Nken v. Holder*, 556 U.S. 418, 429 n.1 (2009); *see also Plasencia–Ayala v. Mukasey*, 516 F.3d 738, 745 (9th Cir. 2008) (explaining that "[s]everal courts of appeals, including" the Ninth Circuit, "have held that a grant of a motion to reopen vacates the final order of deportation"), *overruled on other grounds by Marmolejo–Campos v. Holder*, 558 F.3d 903 (9th Cir. 2009) (en banc). Indeed, the Supreme Court in *Nken*, specifically observed that granting a motion to reopen would "would necessarily extinguish the finality of the removal order." 556 U.S. 418, 429 n.1. In other words, "[I]f the motion to reopen is granted, that vacates the final order of removal and, therefore, *there is no longer a final order of removal pursuant to which the alien could be removed*." *Id.* (quoting Tr. of Oral Arg. 42 (Acting Solicitor General) (emphasis added)).

*Mendoza-Lopez* does not conflict with *Bonilla* because it addressed whether a removal order existed at all whereas *Mendoza-Lopez* discussed whether *actual* removal orders that were on their face valid, nevertheless violated the noncitizen's due process rights and thus, could not be used as an element of the 8 U.S.C. § 1326 case. *See Mendoza-Lopez*, 481 U.S. at 834–35 (holding that the legality of the previous removal is not an element of the crime, but is subject to a collateral attack). To be clear, *Mendoza-Lopez* held that the outcome of an administrative proceeding may be used as an element of another crime. *Id.* at 837-838. Further, by holding that the legality of the agency's order is not an element of the crime, the Supreme Court necessarily affirmed that the decision of the agency's proceeding – not the legality of the decision – is determinative

for the first element of the 8 U.S.C. § 1326 case. *Id.* at 835 ("The language of the statute, however, suggests no such limitation, stating simply that '[a]ny alien who has been arrested and deported or excluded and deported.'" (quotation marks altered)).

Thus, the threshold question in an 8 U.S.C. § 1326 prosecution is what was the outcome of the administrative proceeding? *Mendoza-Lopez*, 481 U.S. at 837-838. If the answer is that the agency issued a removal order- then the court must accept that outcome as meeting the element. However, for due process reasons, it must allow the defendant to collaterally attack the underlying proceeding in hopes of proving that it was so fundamentally unfair that it cannot be used as an element of the offense. *Id.* at 838-839. If the agency did not order removal, that too must be taken as dispositive because the federal courts routinely rely on outcomes in administrative proceedings to determine whether an element of an offense is met. *Id.* at 837. Indeed, it would be incongruent to give conclusive weight only to removal orders but not proceedings where the outcome was something other than a removal.

In the matter at bar, the Defendant was physically removed from the country pursuant to a removal order that "never occurred." Thus, there is no removal order for the government to rely upon in its 8 U.S.C. § 1326 prosecution. Any conclusion to the contrary would necessarily undermine the Supreme Court's conclusion that the reviewing federal criminal court must give appropriate weight to the agency's decision.

Moreover, if the court were to hold that a reopened removal order could be used as an element in an 8 U.S.C. § 1326 prosecution, despite it being a non-existent order for *actual removal purposes*, surely it would also frustrate the Immigration and Nationality Act (INA) as well as the precedent at the Supreme Court and the Ninth Circuit. *See Nken*, 556 U.S. 418, 429 n.1; *and Bonilla*, 840 F.3d at 589. In other words, it is doubtful the court is prepared to hold that vacating a removal order and treating the order is if it had "never occurred" applies to all situations under the INA- except an illegal entry prosecution. Taking this stance would undermine the universal statutory interpretation of the INA. In short, it would give way to the absurd conclusion that despite being reopened

and the removal order being "vacated", the noncitizen was still removed instead of awaiting the immigration court's decision.

In sum, because precedent requires this court to treat a reopened removal proceeding as if the previous "removal never happened," it must hold that the government cannot sustain its burden in proving there was a removal order. Furthermore, as a pure practical matter, it would be odd for this court to treat the removal to be valid- and to have occurred- when it is literally pending before the immigration court at the time this brief was filed. Finally, this matter is distinguished from *Mendoza-Lopez* because the question is not whether the removal order was legally valid; the question is whether there was a removal order. *Nken* and *Bonilla* confirm there was no removal order and factually, the 1998 removal proceeding is still pending. Thus, there is no removal order for the government to rely upon. Therefore, the indictment must be dismissed.

## II. THE DEFENDANT CAN COLLATERALLY ATTACK THE UNDERLYING (NON)REMOVAL

*Assuming arguendo* the Court does not dismiss the indictment because there is no underlying removal, Mr. De La Rosa De La Torre can collaterally attack the underlying (non)removal. *Mendoza-Lopez*, 481 U.S. at 834-35. A noncitizen defendant may collaterally attack a removal order under 8 U.S.C. § 1326(d), if the removal proceeding violated his due process rights and the violation resulted in prejudice. *See generally Mendoza-Lopez*, 481 U.S. at 837-38. A defendant may collaterally attack a prior removal order by demonstrating that: (1) he "exhausted any administrative remedies" that were available; (2) the deportation proceedings "improperly deprived him of the opportunity for judicial review"; and (3) "the entry of the order was fundamentally unfair." An order is "fundamentally unfair" if (a) defects in the removal proceedings violated the alien's right to due process, and (b) he suffered prejudice as a result. *U.S. v. Aguilera-Rios*, 769 F.3d 626 (9th Cir. 2014); *and U.S. v. Arias-Ordonez*, 597 F.3d 972, 976 (9th Cir. 2010). When addressing the exhaustion elements, the Ninth Circuit has held that a defendant is exempted from those requirements when "the waiver of right to an administrative appeal

did not comport with due process." *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1048 (9th Cir. 2004); *Arias-Ordonez*, 597 F.3d at 977.

### A. THE DEFENDANT IS EXEMPTED FROM EXHAUSTION

The validity of the waiver turns on the immigration judge's (IJ) care in explaining the right, *providing an opportunity to respond* to the court's question, and the defendant's actual response. *U.S. v. Pallares-Galan*, 359 F.3d 1088, 1098 (9th Cir. 2004). In *Pallares-Galan*, the Court held the government did not sustain its burden when the defendant "did not at any time respond in the affirmative regarding his wish to forego an appeal." *Id.* Moreover, after the noncitizen demonstrated confusion about (1) the fact that he was being removed and (2) the finality of the decision, "the IJ's failure to offer him even a few moments to actually 'consider' his right to appeal, not to mention time to consult an attorney, supports our conclusion that we cannot fairly deem Pallares' waiver 'considered' or 'intelligent.'" *Id.* (quotation marks altered).

As discussed in the motion to dismiss (Dckt. 45) and the reply (Dckt. 53), Mr. De La Rosa De La Torre did not make an intelligent waiver of his right to appeal. Both the transcript and the immigration court confirm that there is no proof Mr. De La Rosa De La Torre waived his right to appeal. (*See* Dckt. 45 p. 9-10; Dckt. 45-1 p. 37 Ln. 14-15; Dckt. 53 p. 7; and Dckt. 53-1 p. 3, 6). Thus, the Defendant is clearly exempted from the exhaustion requirement.

### B. THE DEFENDANT SUFFERED A DUE PROCESS ERROR AND WAS PREJUDICED

Finally, to succeed on a collateral attack, the noncitizen defendant must prove the proceeding was fundamentally unfair and he suffered prejudice as a result. *Pallares-Galan*, 359 F.3d at 1104. In the matter at bar, it is clear Mr. De La Rosa De La Torre suffered prejudice under the previously articulated theory. (*See* Dckt. 45 p. 13-17; Dckt. 52 p. 7-9 (confining the prejudice analysis to *only* whether the noncitizen Defendant was in *actual* custody, but omitting analysis that he was in constructive custody); Dckt. 53 p. 8-9 (confirming the Defendant was in constructive custody or would be eligible for a nonstatutory motion to vacate); and Dckt. 53-1 (Expert Declaration also confirming the

Defendant was in constructive custody)). However, the Defendant suffered an additional due process violation and prejudice stemming from another violation.

### 1. The Defendant Suffered an Additional Due Process Violation

It is beyond dispute that noncitizens are entitled to a full and fair hearing in removal proceedings. *Salgado-Diaz v. Gonzales*, 395 F.3d 1158, 1162 (9th Cir. 2005) ("Immigration proceedings, although not subject to the full range of constitutional protections, must conform to the Fifth Amendment's requirement of due process." (as amended)); *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1045 (9th Cir. 2012). "A full and fair hearing is one of the due process rights afforded to aliens in deportation proceedings . . . A court will grant a petition on due process grounds only if the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case." *Gutierrez v. Holder*, 662 F.3d 1083, 1091 (9th Cir. 2011) (citations and quotation marks omitted).

In the matter at bar, by the mere fact the immigration court reopened proceedings there is an inherent recognition that the Defendant did not receive a full and fair hearing. Consequently, there is little serious doubt that Mr. De La Rosa De La Torre was denied the opportunity to "reasonably present[] his case." Indeed, the IJ noted that the transcript revealed that conviction documents submitted by the service did not relate to the Defendant. (*See* Dckt. 53-1 p. 6). Moreover, there were aspects of the proceeding that were overlooked in the 1998 proceeding. Alternatively, a full and fair hearing would also include the right to seek a continuance for post-conviction relief. (*See* Dckt. 45 p. 13-14). Consequently, there is little serious doubt the Defendant was denied an opportunity to reasonably present his case.

### 2. The Defendant was prejudiced

As previously argued, Mr. De La Rosa De La Torre had been prejudiced because there is a reasonable probability that he would have been granted discretionary relief had he been fully able to present his case. (*See* Dckt. 45 p. 14-17). The new IJ confirmed that he had been prejudiced and that he had been prevented from presenting evidence that may have resulted in him receiving discretionary relief. (*See* Dckt. 53-1 p. 5 (necessarily

finding that Mr. alien De La Rosa De La Torre "establish[ed] prima facie eligibility for the relief sought, by showing that there is a reasonable likelihood of success on the merits, so as to make it worthwhile to develop the issues further at an individual hearing. *See INS v. Rios- Pineda*, 471 U.S. 444, 449 (1985)"). Consequently, there is little serious doubt that Mr. De La Rosa De La Torre was prejudiced- as affirmed by the court's reopening his immigration matter.

In sum, all elements are met for a successful collateral attack.

## CONCLUSION

For the aforementioned reasons, the indictment must be dismissed.

Respectfully submitted this 1st day of December, 2020.

                                      Andres Ortiz Law,

                                      */s/ Andres Ortiz*
                                      Attorney for the Defendant

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The United States of America,<br>Plaintiff,<br><br>vs.<br><br>Uriel De La Rosa-De La Torre,<br>Aka Juan De La Rosa-De La Torre,<br>Defendant. | Criminal No.: 3:20-cr-08054-GMS-1<br>Magistrate No.: 3:20-mj-03004-MTM<br><br>**CERTIFICATE OF SERVICE**<br><br>**DEFENDANT'S FIRST AMENDED<br>MOTION TO DISMISS** |

    I, Andres Ortiz, am a citizen of the United States and am at least eighteen years of age. I certify that the foregoing pleading has been electronically served this day upon counsel for the Government.

    By Andres Ortiz

    */s/ Andres Ortiz*
    Andres Ortiz